UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos. 18-cv-61556-GAYLES
18-cv-61558-GAYLES

*In re*

GLOBAL ENERGIES, LLC,
    Debtor.

Bankruptcy Case Nos. 10-28935-RBR
15-01447-RBR

_____/

JOSEPH G. WORTLEY,
    Appellant,

v.

RICHARD TARRANT, JAMES JURANITCH, CHRISPUS VENTURE CAPITAL, LLC, CHAD P. PUGATCH, RICE PUGATCH ROBINSON & SCHILLER, P.A., and PLASMA POWER, LLC,
    Appellees.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Appellant Joseph G. Wortley's Notice of Appeal from the Bankruptcy Court. [ECF No. 1]. The Court has reviewed the parties' briefs and the record and is otherwise fully advised. For the reasons discussed below, the Bankruptcy Court's Final Order on Remand is reversed and remanded for further proceedings consistent with the Eleventh Circuit's Mandate in *In re Global Energies, LLC*, 763 F.3d 1341 (11th Cir. 2014).

**I.    BACKGROUND**

This appeal is about whether an involuntary bankruptcy petition was filed in bad faith. The facts are fully set out in the Eleventh Circuit's Opinion in *In re Global Energies, LLC*, which the

1

Court adopts and incorporates into this Order. The following procedural history is relevant to this appeal.

On July 1, 2010, Chrispus Venture Capital, LLC ("Chrispus")[1] filed an involuntary bankruptcy petition against Global Energies, LLC ("Global"). *See also In re Global Energies, LLC*, 10-28935-RBR ("Bankruptcy Case") [Bnkr. ECF No. 1]. At that time, Appellant Joseph Wortley ("Wortley") and Appellees Richard Tarrant ("Tarrant")—through Chrispus—and James Juranitch ("Juranitch") owned Global. Wortley did not initially object to the bankruptcy proceedings and even supported the appointment of the Trustee. *In re Global Energies*, 763 F.3d at 1345. Wortley later began to suspect that the petition had been filed in bad faith. *Id.* To that end, on October 7, 2010, Wortley filed his first Expedited Motion to Dismiss Case as Having Been filed in Bad Faith ("First Motion to Dismiss"). *Id.* However, because Wortley did not have any direct evidence of bad faith or collusion between Chrispus/Tarrant and Juranitch, he voluntarily moved to withdraw his motion. *Id.* at 1346. After Wortley withdrew his motion,[2] the bankruptcy court approved the sale of Global's assets to Chrispus, overruling Wortley's objections. *Id.* On March 21, 2011, Wortley filed his second Motion to Dismiss Chapter 11 Case for Bad Faith Based on New Evidence of Conspiracy and Misrepresentations ("Second Motion to Dismiss"). *Id.* The bankruptcy court held an evidentiary hearing on the Second Motion to Dismiss and thereafter denied it with prejudice on September 27, 2011. *Id.*

---

[1] Chrispus had a 5% share of Global. Richard Tarrant was a 93% shareholder of Chrispus. All actions taken by Tarrant, or Chrispus co-shareholder Ron Roberts, were on behalf of Chrispus as a shareholder of Global.
[2] The bankruptcy court granted the request and denied the motion without prejudice. *In re Global Energies, LLC*, 753 F.3d 1341, 1346 (11th Cir. 2014).

Several months later—during discovery in a related state-court action[3]—Wortley discovered new evidence[4] of bad faith and filed a Rule 60(b) motion for relief. *Id.* at 1347. The bankruptcy court denied Wortley's request for relief and Wortley appealed to the district court. *Id.* The district court affirmed the bankruptcy court's order. *Id.*; *See also Wortley v. Chrispus*, No. 12-cv-61483-KMW, (S.D. Fla. Mar. 14, 2013). Wortley then appealed the district court's order. On August 15, 2014, the Eleventh Circuit reversed the district court's order and remanded the case to the bankruptcy court with instructions ("the Mandate"). *In re Global Energies*, 763 F.3d at 1350.

The Eleventh Circuit found that the bankruptcy court either applied the wrong legal standard and/or made clear errors of judgment and abused its discretion in applying the proper standard when ruling on Wortley's Rule 60(b) motion. *Id.* at 1347–48.[5] Applying the proper legal standard, the Eleventh Circuit held that Wortley sufficiently demonstrated "that (1) the new evidence was discovered after the judgment was entered, (2) he had exercised due diligence in discovering that evidence, (3) the evidence was not merely cumulative or impeaching, (4) the evidence was material, and (5) the evidence was likely to produce a different result." *Id.* at 1347. Wortley's Rule 60(b) motion was based on the emails he discovered through the state-court litigation. The Eleventh Circuit found that the emails had been wrongfully withheld from Wortley—despite his due diligence—by Tarrant, Juranitch, and Chrispus-attorney, Chad Pugatch, who on multiple occasions "actively obstructed Wortley's efforts to obtain evidence of [their] plan to file for involuntary bankruptcy."[6] *Id.* at 1348.

---

[3] *Wortley v. Tarrant, et al.*, 50-2010-CA-027345-XXXX-MB.
[4] Wortley discovered an email thread between Appellees. The relevant portion of the email thread is copied in *In re Global Energies*, 763 F.3d at 1345.
[5] "Instead of considering whether the [emails] were *new evidence*, the court asked whether Wortley had presented a *new issue* in his Rule 60(b)(2) motion." *Id.* at 1347 (emphasis added).
[6] As to Tarrant and Juranitch, the court found that each denied, under oath, "any plan to file a bankruptcy petition in bad faith," statements which "now appear to be blatantly false." *In re Global Energies, LLC*, 763 F.3d at 1348–49. As

3

Ultimately, the Eleventh Circuit's Mandate was entered as follows:

> On remand, the bankruptcy court shall grant Wortley's Rule 60(b)(2) motion and vacate its order approving the sale of Global's assets to Chrispus . . . . The bankruptcy court shall then conduct any hearings necessary in the exercise of all its powers at law or in equity and issue appropriate orders or writs, including without limitation orders requiring an accounting and disgorgement, orders imposing sanctions, writs of garnishment and attachment, and the entry of judgments to ensure that Chrispus, Juranitch, Tarrant, and Pugatch do not profit from their misconduct and abuse of the bankruptcy process. The bankruptcy court shall vacate the sanctions imposed upon Wortley and ensure that he is fully compensated for any and all damages, including awarding Wortley attorney's fees and costs.

*Id.* at 1350.

The bankruptcy court properly vacated the Sale Order and the sanctions imposed on Wortley—ironically— for filing his Second Motion to Dismiss in bad faith. [Bnkr. ECF Nos. 987, 696]. The additional actions that followed the remand arise out of the bankruptcy court's fundamental misreading of the Mandate.

On December 12, 2014, Wortley filed a Statement of Relief Sought based upon his understanding of the Eleventh Circuit's Opinion. [Bnkr. ECF No. 724]. Several months of motion practice followed and relief was granted. Ultimately, Wortley filed a Motion for Adversary Proceeding [Bnkr. ECF No. 819], which was granted in part. [Bnkr. ECF No. 881]. Wortley then filed an adversary proceeding against the Appellees wherein he attempted to establish derivative standing to seek avoidance of the sale, damages from the sale, dismissal of the bankruptcy petition, and damages under 11 U.S.C. § 303(i) (the "303 claims"). *See Wortley v. Tarrant, et al.*, 15-01447-RBR ("Adversary Case") [Adv. ECF. No. 1]. The bankruptcy court dismissed the 303 claims but

---

to Pugatch, the court found his actions "troubling" where he represented Tarrant at the deposition where Tarrant falsely testified as to his conversations with Juranitch regarding the petition. *Id.* at 1349.

allowed the remainder of the claims to go forward. [Adv. ECF No. 85]. Wortley appealed the dismissal of his 303 claims to the district court. In dismissing the appeal, United States District Judge William J. Zloch found that the appeal was premature as the order dismissing the 303 claims was not a final order granting the district court jurisdiction "because it allowed further litigation of Wortley's claims." *See Wortley v. Pugatch, et al.*, No. 15-cv-61413, at * 4 (S.D. Fla. Mar. 28, 2016).[7] Finally, the bankruptcy court conducted an eleven-day trial to address the Second Motion to Dismiss and the claims brought in the Adversary Proceeding. At the end of that trial, the bankruptcy court entered a 70-page Final Order on Remand [Bnkr. ECF No. 1063] [Adv. ECF No. 477] denying the Second Motion to Dismiss with prejudice finding that the petition was not filed in bad faith; granting judgment in favor of Appellees on all remaining counts in the Adversary Proceeding; and denying fees and costs to all parties.

## II.   LEGAL STANDARD

The district court has jurisdiction to hear appeals from final judgments and orders of bankruptcy judges pursuant to 28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court." *Rush v. JLJ Inc.* (*In re JLJ Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*, and it cannot make independent factual findings. *See Torrens v. Hood* (*In re Hood*), 727 F.3d 1360, 1363 (11th Cir. 2013); *see Englander v. Mills* (*In re Englander*), 95 F.3d 1028, 1030 (11th Cir. 1996).

---

[7] In his order dismissing Wortley's appeal, Judge Zloch briefly discussed the appellate history of this case and noted that "the Eleventh Circuit held that [Chrispus's] petition was indeed filed in bad faith, reversed the Bankruptcy Court's denial of Wortley's motion to reconsider, and remanded with instructions that Wortley's motion to dismiss be granted." *Wortley v. Pugatch, et al.*, No. 15-cv-61413, at * 2 (S.D. Fla. Mar. 28, 2016).

## III. DISCUSSION

"A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985) (citing *In Re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895). "The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces." *Id.* (internal citations omitted). This principle, known as the "mandate rule," cannot be disturbed unless "the presentation of new evidence . . . dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *Id.* at 1120 (internal citations omitted). This applies to all issues decided by the appellate court either "expressly or by necessary implication." *Id.* The importance of this doctrine cannot be understated; our justice system does not work when lower courts disregard the clear instructions of an appellate court. *See generally Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1511–12 (11th Cir. 1987).

The Court finds that the bankruptcy court failed to comply with the Eleventh Circuit's Mandate. The Eleventh Circuit clearly held that the new evidence showed that "Tarrant and Juranitch conspired to have Chrispus file the bankruptcy petition in bad faith," and that "the bankruptcy court could and *should have dismissed Chrispus's petition* for bad faith." *In re Global Energies, LLC*, 763 F.3d at 1350 (emphasis added). Based on this clear Mandate, the bankruptcy court was not permitted, much less required, to conduct an eleven-day trial into the merits of

6

Wortley's Second Motion to Dismiss. This was not a matter of "first impression" as suggested by the bankruptcy court, but instead one that had been decided by the Eleventh Circuit on appeal.[8] *Id.*

The bankruptcy court went to great lengths to establish that it was permitted to deviate from the Mandate according to one of the narrow exceptions to the mandate rule. *See Piambino*, 757 F.2d at 1120. The bankruptcy court determined that the mandate rule should not apply because it was presented with new evidence during the eleven-day trial. [Adv. ECF No. 477 at 59]. In so finding, the bankruptcy court correctly noted that following appeal a trial court may address "as a matter of first impression, those issues not disposed of on appeal." *Id.* (quoting *Piambino*, 757 F.3d at 1119). However, the bankruptcy court erred in finding that dismissal of the petition was a matter of first impression here and, further, that the "Mandate did not require—impliedly or expressly—the [bankruptcy court] to grant the Second Motion to Dismiss and dismiss the bankruptcy case." *Id.* (internal citations to the record omitted). *See supra*, Section I. It was error for the bankruptcy court to ignore the Eleventh Circuit's clear and unambiguous Mandate and to justify doing so based on new evidence obtained in a trial it should never have conducted.

## IV. CONCLUSION

Because the Court holds that the bankruptcy court failed to follow the letter and spirit of the Eleventh Circuit's Mandate, it is hereby

**ORDERED AND ADJUDGED** that the Order and Final Judgment of the bankruptcy court [Adv. ECF No. 477] [Bnkr. ECF No. 1063] is **REVERSED and REMANDED** for actions consistent with the Mandate. Specifically, the bankruptcy court shall grant Wortley's Second Motion to Dismiss for bad faith based on the new evidence and shall conduct an appropriate

---

[8] *See also supra* note 7.

hearing to determine the amount of attorney's fees to be awarded to Appellant, as well as a determination as to an amount of damages owed to him. The bankruptcy court shall conduct any appropriate hearings such as those identified by the appellate court that would ensure that "Chrispus, Juranitch, Tarrant, and Pugatch do not profit from their misconduct and abuse of the bankruptcy process." This action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of March, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE